UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON SANFORD,

       Petitioner,

v.                                       Civil Action No. 4:12-cv-10523
                                      Honorable Gershwin A. Drain

CINDI CURTIN,

       Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

This is a habeas case filed by a Michigan prisoner under 28 U.S.C. § 2254. On February 7, 2012, Petitioner, Brandon Sanford, filed this habeas petition, pro se, challenging his Jackson county, August 27, 2010 plea-based convictions, as a habitual second offender, MICH. COMP. LAWS § 769.10, for first-degree home invasion, MICH. COMP. LAWS § 750.110a(2), and felony firearm, MICH. COMP. LAWS § 750.227b. In exchange for Petitioner's plea, the prosecutor dismissed the following charges: Felonious assault, MICH. COMP. LAWS § 750.82, felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, and larceny of a firearm, MICH. COMP. LAWS §750.357b. The prosecutor also dismissed the habitual third offender notice, MICH. COMP. LAWS § 769.11.

On October 7, 2010, the trial court sentenced Petitioner to fifteen to thirty years as a habitual second offender, consecutive to two years on the felony firearm conviction. On April 6, 2011, Petitioner filed a Motion to Withdraw Guilty Plea and for a *Ginther* hearing regarding his claim that counsel was ineffective in the trial court. A hearing was held on April 22, 2011. On April 25, 2011, the trial judge denied Petitioner's Motion to Withdraw Guilty Plea and for a *Ginther* hearing.

On September 11, 2011, the Michigan Court of Appeals denied Petitioner's "delayed

application for leave to appeal . . . for lack of merit in the grounds presented." *People v. Sanford*, No. 303903 (Mich. Ct. App. Sept. 11, 2011). On December 28, 2011, the Michigan Supreme Court denied Petitioner's Application for Leave to Appeal "because we are not persuaded that the questions presented should be reviewed by this Court." *People v. Sanford*, 490 Mich. 974; 806 N.W.2d 328 (2011).

In his habeas petition, Petitioner argues that his plea was invalid because it was not knowing and voluntary and his counsel was ineffective. For the reasons stated, the Court finds that Petitioner's conviction is constitutionally sound. Therefore, the Court denies him habeas relief. The Court also declines to issue Petitioner a certificate of appealability.

## I. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially

indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when a state court has applied clearly established federal law in an objectively unreasonable manner. Id. at 409. Therefore, a federal habeas court may not issue a writ if it concludes the state court applied clearly established federal law merely erroneously or incorrectly. Id. at 411. The application must be unreasonable. Id.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" Renico v. Lett, 559 U.S. ---, ---, 130 S.Ct. 1855, 1862 (2010) (quoting Lindh v. Murphy, 521 U.S. 320, 333 n.7 (1997); Woodford v. Viscotti, 537 U.S. 19, 24 (2002) (per curiam)).

## II. DISCUSSION

### A. Claim I–Invalid Plea

In his first habeas claim, Petitioner alleges that his plea was not knowing and voluntary because he did not know the merits of his case. He claims that his trial counsel did not provide him with any discovery for eleven months, as well as that his attorney advised him that the maximum penalty on his guideline range would be 9.75 years.

"A guilty or no-contest plea involves a waiver of many substantial rights." *Fautenberry v. Mitchell*, 515 F.3d 614, 636 (6th Cir. 2008) (citing *Boykin v. Alabama*, 395 U.S. 238, 243 (1969)). Consequently, the plea must be a voluntary, knowing and intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). "A guilty plea can be involuntary as a result of the ineffective assistance of

-3-

counsel." *United States v. Gardner*, 417 F.3d 541, 545 (6th Cir. 2005). But "a 'plea of guilty entered by one fully aware of the direct consequences' of the plea is voluntary in a constitutional sense 'unless induced by threats . . . , misrepresentation . . . , or perhaps promises that are by their nature improper as having no proper relationship to the prosecutor's business.'" *Bousley v. United States*, 523 U.S. 614, 619 (1998) (quoting *Brady*, 397 U.S. at 755); *see also Ruelas v. Wolfenbarger*, 580 F.3d 403, 408 (6th Cir. 2009) (explaining that the defendant must appreciate the consequences of his plea, waive his rights without coercion, and understand the rights that he is surrendering); cert. denied, ____ U.S. ____, 130 S.Ct. 3322, 176 L. Ed. 2d 1220 (2010). The voluntariness of a plea is determined by considering all the relevant circumstances surrounding the plea. *Brady*, 397 U.S. at 749.

A review of the plea colloquy demonstrates that Petitioner's plea was voluntary. *See* Dkt. No. 8-2, pgs. 4-12. Prior to entering a plea, the trial judge instructed the prosecutor to read the charges in the information for which Petitioner was to plead guilty. *Id*. at 3. Petitioner indicated that he understood the charges and that he had an adequate amount of time to discuss the charges and whether or not to enter a guilty plea with his counsel. *Id*. at 4. Further, Petitioner advised that no one had made any promises beyond the plea agreement, nor had anyone threatened or used force of any nature to induce Petitioner to plead guilty. *Id*. at 5. Petitioner also indicated that he entered into the plea agreement freely, understandingly, and voluntarily. *Id*. Petitioner stated that he understood the maximum possible sentence that could be imposed was thirty (30) years imprisonment. *Id*. at 6. Petitioner acknowledged signing an Advice of Rights form, and the trial judge advised Petitioner of the rights he was waiving by entering a guilty plea. *Id*. at 7-8.

Petitioner admitted that he "entered a house without permission –no permission–with the intent to steal. And, in doing so, I did steal." *Id*. at 9. He admitted that he stole a firearm from the home. *Id.* He further admitted that he had previously been convicted of the offense of breaking and entering. *Id.* at 10. Thereafter, the Court accepted Petitioner's guilty plea and found Petitioner to be guilty, as a habitual second offender, to first-degree home invasion and felony firearm. *Id.* Lastly, the Court "state[d] for the record it has not agreed upon a sentence with anyone in this matter." *Id*.

In conclusion, the record establishes that Petitioner's plea was voluntary. He claimed that he understood the maximum penalty for his crimes, and admitted that he was not promised anything other than what was contained in the plea agreement. Petitioner's argument that his counsel failed to provide him with discovery for eleven months and advised him that the maximum penalty for his crimes was 9.75 years is belied by the record. He was advised by the trial judge that the maximum penalty for his crimes was thirty years and Petitioner indicated that he understood this and still wished to enter a guilty plea. He further indicated that he had adequate time to discuss the charges and plea agreement with counsel. Therefore, Petitioner's claim is without merit.

### B.  Claim II–Ineffective Assistance of Counsel

In his second habeas claim, Petitioner alleges that his counsel was ineffective for failing to provide him with discovery for eleven months. He further argues that counsel advised him that the maximum penalty on his guideline range would be 9.75 years. Petitioner's claim is without merit.

Ineffective assistance of counsel claims arising out of the plea process are subject to the two-prong performance and prejudice test set forth by the United States Supreme Court in *Stickland v. Washington*. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Under the performance prong, the petitioner

must show that counsel's representation fell below an objective standard of reasonableness. *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). However, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of professional judgment." *Strickland*, 466 U.S. at 690. Under the prejudice prong, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill,* 474 U.S. at 59.

Petitioner alleges that he plead guilty based on a misapprehension of the guidelines and the merits of his case. Petitioner cannot demonstrate "prejudice" merely by arguing to the Court that he would have gone to trial had he received different advice. *Pilla v. United States*, 668 F.3d 368, 372-73 (6th Cir. 2012). "The test is objective, not subjective; and thus, 'to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.'" *Id.* at 373. A decision to reject the plea bargain in the instant matter would not have been rational under the circumstances. By pleading as a habitual second offender to first-degree home invasion and felony firearm, Petitioner was able to have three charges dismissed, as well as dismissal of the habitual third offender notice. The Court therefore concludes that a decision to reject the plea offer would not have been objectively rational. Thus, even if the Court were to conclude that trial counsel's performance was deficient, Petitioner has failed to establish the "prejudice" prong of the *Strickland* and *Hill* tests.

Petitioner's claim that he believed the maximum penalty was 9.75 years imprisonment based on counsel's erroneous advice is belied by the record, which establishes that Petitioner acknowledged he understood the maximum penalty for the crimes to which he was to plead guilty

was thirty years imprisonment. He also indicated that no promises were made to him, other than what was contained in the parties' plea agreement. In any event, counsel's allegedly erroneous advice regarding Petitioner's sentence does not provide a basis for habeas relief. *See Barker v. United States*, 7 F.3d 629, 633 (7th Cir. 193). Petitioner was informed that thirty years imprisonment was a possible sentence and that the trial judge had not agreed to a specific sentence. He denied that he had been promised anything to induce his plea. A trial court's proper plea colloquy cures any misunderstandings that a defendant may have about the consequences of a plea. *See Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999). Therefore, a claim of ineffective assistance of counsel predicated on allegedly misleading information given by counsel about the plea does not provide grounds for habeas relief when the trial court conducts a proper plea colloquy. *Id*. The record shows that the trial judge adhered to proper plea colloquy procedure. Petitioner was informed of the direct consequences of his plea; the maximum sentence and the rights he was waiving by entering a guilty plea . He indicated no one had made promises, or threatened him to induce his guilty plea. Given these circumstances, Petitioner cannot show that he was prejudiced by counsel's advice so as to render his plea involuntary. Petitioner is not entitled to relief on this claim.

### C. Certificate of Appealability

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" Miller-El, 537 U.S. at 327. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must

> demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong . . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Court concludes that reasonable jurists would not find its assessment of Petitioner's claims debatable or wrong. The Court therefore declines to issue him a certificate of appealability.

### III.  CONCLUSION

The state courts's decision in this case were not contrary to federal law, an unreasonable application of federal law, or an unreasonable determination of the facts. Petitioner has failed to establish that he is presently in custody in violation of the Constitution or laws of the United States. Accordingly, it is ordered that Petitioner's petition for a writ of habeas corpus [ECF No. 1] is DENIED.

It is further ordered that the Court DECLINES to issue Petitioner a certificate of appealability.

SO ORDERED.

/s/Gershwin A Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: November 30, 2012

Certificate of Service

I hereby certify that a copy of the foregoing document was mailed to Magistrate Judge Paul J. Komives, Brandon Sanford, 598145, Oaks Correctional Facility, 1500 Caberfae Highway, Manistee,
MI 49660 and the attorneys of record on this date, November 30,2012, by electronic and/or ordinary mail.

                                             s/Tanya Bankston
                                             Case Manager, (810) 341-9762